UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PATRICK M. HINES,

        Plaintiff,

                                                  Case No. 11-cv-60789-JIC

v.

MRS ASSOCIATES, INC.,

        Defendant.

**DEFENDANT, MRS ASSOCIATES, INC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, MRS Associates, Inc. ("MRS"), by and through the undersigned counsel, hereby submits this Answer and Affirmative Defenses to Plaintiff's Complaint ("Complaint") and states as follows:

1. MRS admits that Plaintiff purports to bring an action for damages for MRS's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). MRS denies any and all liability and damages, and to the extent the allegations contained in ¶ 1 of Plaintiff's Complaint state otherwise, they are denied.

**JURISDICTON AND VENUE**

2. MRS leaves all matters of jurisdiction and venue to the Court; therefore, MRS denies the allegations contained in ¶ 2 of Plaintiff's Complaint.

3. MRS leaves all matters of jurisdiction and venue to the Court; therefore, MRS denies the allegations contained in ¶ 3 of Plaintiff's Complaint.

## PARTIES

4. MRS admits the allegations contained in ¶ 4 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

5. MRS admits the allegations contained in ¶ 5 of Plaintiff's Complaint for lack of information and knowledge to form a reasonable belief therein.

6. MRS admits the allegations contained in ¶ 6 of Plaintiff's Complaint.

7. MRS objects to this allegation as it calls for a legal conclusion. Notwithstanding, when MRS engages in debt collection as defined by the FDCPA, MRS is a debt collector as defined by the FDCPA; to the extent Plaintiff alleges otherwise, MRS denies the allegations contained in ¶ 7 of Plaintiff's Complaint.

8. MRS admits the allegations contained in ¶ 8 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

9. MRS denies the allegations contained in ¶ 9 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

10. MRS admits that it called numbers provided to it by the creditor looking for the consumer; however, the account records, phone records and the actual audio of the messages left are the best evidence of the calls and messages; therefore, MRS denies the allegations contained in ¶ 10 of Plaintiff's Complaint for lack of knowledge or information to form a reasonable belief therein.

11. MRS denies the allegations contained in ¶ 11 of Plaintiff's Complaint.

12. MRS denies the allegations contained in ¶ 12 of Plaintiff's Complaint and in that it calls for a legal conclusion.

13. MRS admits that when it has a conversation with the consumer where it engages in debt collection communication and unless the consumer already knows who is calling and why, MRS is required to make certain disclosures as required by law; otherwise, MRS denies the allegations contained in ¶ 13 of Plaintiff's Complaint.

14. MRS denies the allegations contained in ¶ 14 of Plaintiff's Complaint.

15. MRS denies the allegations contained in ¶ 15 of Plaintiff's Complaint.

16. MRS denies the allegations contained in ¶ 16 of Plaintiff's Complaint.

### COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. MRS reasserts the foregoing as if fully incorporated herein.

18. MRS denies the allegations contained in ¶ 18 of Plaintiff's Complaint.

### COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. MRS reasserts the foregoing as if fully incorporated herein.

20. MRS denies the allegations contained in ¶ 20 of Plaintiff's Complaint.

### COUNT III
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR PHONE

21. MRS reasserts the foregoing as if fully incorporated herein.

22. MRS denies the allegations contained in ¶ 22 of Plaintiff's Complaint.

### COUNT V
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. MRS reasserts the foregoing as if fully incorporated herein.

24. MRS denies the allegations contained in ¶ 24 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES BY MRS

1. Plaintiff has not stated a claim upon which relief may be granted. First, the messages transcribed in Plaintiff's Complaint may not all be messages from MRS. Second, the dialer used by MRS does *not* meet the statutory definition of an "automatic telephone dialing system" because the dialer does *not* have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers. *See* 47 U.S.C. 227(a)(1). Further, plaintiff has failed to allege and cannot assert facts necessary to establish standing to bring a private remedy claim under the TCPA. Plaintiff also was not charged for any of the calls made by MRS or messages left by MRS. *See* 47 U.S.C. 227(b)(1)(A)(iii).

2. Plaintiff's claims are barred by the statute of limitations and/or laches.

3. Plaintiff's claims are barred by the doctrine of avoidable consequences, failure to mitigate, estoppel, waiver, unclean hands, consent and/or assumption of risk in that plaintiff: provided the phone number at issue to his creditor(s), to his creditors' assignees, and/or agents; consented to and authorized calls to the number; refused and/or failed to answer the calls or return the messages left; made no request for the calls to cease or otherwise object to the calls; and knowingly and intentionally allowed and facilitated the calls to continue with the sole purpose to accumulate statutory damages under the TCPA.

4. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than MRS and was beyond the control or supervision of MRS or for whom MRS was and is not responsible or liable. In particular and without limitation,

the number at issue was provided to MRS by the placing creditor with the express and/or implied warranty that plaintiff consented to and authorized calls to the number.

5. This Court has no jurisdiction over the TCPA claim. *See Nicholson v Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998); *Marcus D. Mims v. Arrow Financial Services, LP,* Eleventh Circuit Court of Appeals; Case No. 10-12077.

6. Plaintiff consented and authorized calls to the phone number in question for the account that MRS was working.

7. As applied to the related facts, the TCPA is unconstitutional. Specifically, the TCPA unfairly restricts commercial speech and also impermissibly treats subsets of commercial speech differently. The TCPA is not content neutral and is not a legitimate time, place, and manner restriction of commercial speech.

8. To the extent that any violations are established, which are denied, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

9. MRS denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of MRS's purported violations.

10. Plaintiff knew who was calling and why; therefore, any failure of MRS to make a technical disclosure, if any, is immaterial and cannot be said to create a violation or any damages.

11. 1 or more calls made to Plaintiff by MRS were not made to a cell phone.

12. 1 or more calls made to Plaintiff by MRS were not made with a dialer.

WHEREFORE, Defendant, MRS requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

DATED this 5th day of May, 2011.

Respectfully Submitted,

/s/ Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone No.: (813) 890-2465
Facsimile No.: (866) 466-3140
kgrace@sessions-law.biz
dvanhoose@sessions-law.biz

Counsel for MRS Associates, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2011, a true and correct copy of the foregoing Answer and Affirmative Defenses was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, FL  33339

/s/ Kenneth C. Grace
Attorney

422269